### TRALICH v. CHICAGO, M. & ST. P. RY. CO.

(District Court, W. D. Washington, N. D. November 4, 1914.)

No. 2856.

COMMERCE (§ 27*)—SUBJECTS OF REGULATION—EMPLOYERS' LIABILITY ACT—INJURIES TO SERVANT—"INTERSTATE COMMERCE."

Where a complaint for injuries to plaintiff alleged that defendant, in carrying on interstate commerce, employed plaintiff as a laborer with a construction gang, and that while plaintiff was employed in operating a steam shovel in the removal of earth "from the roadbed and tracks" of defendant, and in the repair and maintenance of the tracks and roadbed, which were employed for the movement of defendant's trains in the conduct of its business, he was injured by reason of defendant's negligence, it sufficiently alleged that plaintiff was employed in interstate commerce, within the federal Employers' Liability Act (Act April 22, 1908, c. 149, 35 Stat. 65 [Comp. St. 1913, § 8657]), and a removal of the cause was prohibited by Act March 3, 1911, c. 231, § 30, 36 Stat. 1096 (Comp. St. 1913, § 1012).

[Ed. Note.—For other cases, see Commerce, Cent. Dig. § 25; Dec. Dig. § 27.*

For other definitions, see Words and Phrases, First and Second Series, Interstate Commerce.]

At Law. Action by Mike Tralich against the Chicago, Milwaukee & St. Paul Railway Company. On motion to remand. Granted.

Ryan & Desmond, of Seattle, Wash., for plaintiff.
George W. Korte, of Seattle, Wash., for defendant.

NETERER, District Judge. This action was commenced in the state court and removed to this court on petition of the defendant.

Motion to remand has been made on the part of the plaintiff. The complaint (paragraph 2) alleges:

"That defendant in the carrying on of interstate commerce employed the plaintiff as a common laborer to work upon a construction gang in the repair and maintenance of the tracks and roadbed of the said defendant company, which were employed for the transportation and movement of defendant's trains in the conduct of its business."

And in paragraph 3 that:

"While * * * employed * * * at or near * * * Denton, Montana, * * * operating a steam shovel of the defendant in the removal of earth from the roadbed and tracks of the defendant, * * * he was directed by the foreman in charge of the same to unfasten the hook on said chain which was attached to the side of the car. * * * That while this plaintiff in pursuance of said order * * * had his right hand upon said chain, and was about to unfasten the same from the side of the flat car, the engineer operating the steam shovel carelessly * * * applied the power, * * * moving the same, etc. * * *"

—injuring the plaintiff. The plaintiff further, in paragraph 4, recites:

"That said steam shovel operated by said defendant company was constructed on tracks or rails running lengthwise on an ordinary flat car, which flat car was on and moved back and forth along the tracks and roadbed of the defendant company. That in the operation of said steam shovel the same was moved forward and backward by its own power on said tracks or rails placed on the top of said flat car as necessity and convenience demanded in the removal of the earth and rubbish alongside of the roadbed, and as a part of the equipment thereof there was used and employed a certain heavy iron chain, one end of which was attached to the said steam shovel, and the other end thereof to the edge of the box car or flat car by a heavy iron hook, for the purpose of holding the said steam shovel stationary upon the said flat car when the same was being operated, and that when it was desired by the said defendant's agents and foreman in charge of the operation of the said steam shovel to move the same backward and forward it was necessary to detach the end of the said chain which was fastened to the side of the flat car."

It is contended on the part of the plaintiff that this action is prosecuted under Employers' Liability Act April 22, 1908, 35 Stat. 65, to recover for personal injuries sustained by plaintiff, and that, under the provisions of Act March 3, 1911, 36 Stat. 1094, the action, having been brought in a state court of competent jurisdiction, cannot be removed to the United States court.

The defendant contends that the complaint states a cause of action at common law, and not one embraced within the federal Employers' Liability Act; that the language employed in the complaint shows that plaintiff was a common laborer on a "construction gang," and was working on a steam shovel used in "the removal of earth and rubbish alongside the roadbed," and was not at the time performing a service in interstate commerce; that the test to determine whether an injury to an employé is within the protection of the act is its effect on the course and current of interstate commerce. Was the employé's relation to traffic so close and direct that his injury tended to stop or delay the movement of a train engaged in interstate commerce?

A reading of the complaint, I think, will require an affirmative answer. The language, "while * * * employed * * * operating a steam shovel * * * in the removal of earth *from the road-*

*bed and tracks* of the defendant," as set forth in paragraph 3, with the allegation in paragraph 2 that plaintiff was employed "in the repair and maintenance *of the tracks and roadbed* * * * which were employed for the transportation and movement of defendant's trains in the conduct of its business," which it is alleged was interstate commerce, I think is conclusive. It is conceded that defendant was engaged in interstate commerce, and it is clear, I think, that plaintiff was employed in the operation of a steam shovel, which was removing earth from the *tracks and roadbed* employed in interstate commerce. This clearly brings the action within the provisions of the Liability Act. The fact that there is no direct allegation that the action is prosecuted under the provisions of the Employers' Liability Act is immaterial. The averments in the pleading determine the applicability of the act. Garrett v. Louisville & N. R. R. Co., 197 Fed. 718, 117 C. C. A. 109; Kelly's Administratrix v. C. & O. Ry. Co. (D. C.) 210 Fed. 602.

The contention that the complaint shows plaintiff to have been engaged in the removal of earth and rubbish alongside of the roadbed is not well taken. The statement in paragraph 4, supra, relied upon by defendant, is merely a description of the steam shovel and manner of operation, and cannot control the allegation that plaintiff was engaged "in the removal of earth from the *roadbed and tracks* of the defendant." The *roadbed and tracks* were instrumentalities of interstate commerce under the allegations of the complaint. The work of maintaining them in proper condition after they had become such instrumentalities is clearly within the act. Jackson v. Railway Co. (D. C.) 210 Fed. 495; Pedersen v. Del., Lack. & West. Ry. Co., 229 U. S. 146, 33 Sup. Ct. 648, 57 L. Ed. 1125.

The averments of this complaint are clearly distinguishable from the holding of the court in G., H. & S. A. Ry. v. Chojnacky (Tex. Civ. App.) 163 S. W. 1011. In that case a gardener was injured by the explosion of a torpedo which was concealed in some rubbish upon the premises. This was not taken from the track, nor was the gardener employed on the roadbed or track.

In Ruck v. Railway (Wis.) 140 N. W. 1075, the court merely held that the boiler which had been attached to and used in operating a derrick used on a flat car of a wrecking train, which had been removed and at the time was lying near the car in the roundhouse, was not an instrumentality of interstate commerce, and a person injured in repairing such boiler was not within the act.

In Ill. Central Ry. Co. v. Joseph Behrens, 233 U. S. 473, 34 Sup. St. 646, 58 L. Ed. 1051, decided April 27, 1914:

"At the time of the collision the crew was moving several cars loaded with freight which was wholly intrastate, and upon completing that movement was to have gathered up and taken to other points several other cars as a step or link in their transportation to various destinations within and without the state."

This employment was in the yards of New Orleans, and the court held:

"At the time of the fatal injury the intestate was engaged in moving several cars all loaded with intrastate freight from one part of the city to an-

other. That was not a service in interstate commerce, and so the injury and resulting death were not within the statute."

I think a reasonable construction of the language employed in the complaint discloses facts involving a service in interstate commerce, and by provisions of Act March 3, 1911, supra, cannot be removed to this court.

An order remanding the cause may be presented.